Farmers Cooperative Company, a Corporation v. Commissioner.
Farmers Cooperative Co. v. Commissioner
Docket No. 70551.
United States Tax Court
T.C. Memo 1963-47; 1963 Tax Ct. Memo LEXIS 299; 22 T.C.M. (CCH) 188; T.C.M. (RIA) 63047; February 19, 1963
*299 James M. Stewart, Esq., 707 Central National Bldg., Des Moines, Ia., and Robert C. Guenzel, Esq., for the petitioner. Ivan L. Onnen, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined deficiencies in petitioner's income tax for the taxable years ended September 30, 1954 and 1955 in the respective amounts of $1,917.22 and $3,067.31. Petitioner is a corporation organized under the laws of the State of Iowa as a cooperative association with its principal place of business at Dike, Iowa. It is exactly like the Randall, Iowa, cooperative that was the taxpayer in Farmers Cooperative Grain Company, 39 T.C. 547. Petitioner filed its income tax returns for the years in question with the district director of internal revenue for the District of Iowa. The parties have filed the following stipulation in this case: It is hereby stipulated and agreed between the parties hereto that the petitioner concedes that the respondent's determination in this case is in all respects correct except as to the issue relating to certain amounts received by the petitioner from the Commodity Credit Corporation for the handling and *300 storage of grain, including computation of the portion thereof, if any, attributable to member business. As to such issue the parties agree that its disposition shall be in accordance with the final decision in the case of Farmers Cooperative Grain Company, Docket No. 68513. Final decision has now been entered in Farmers Cooperative Grain Company, (Docket No. 68513), supra, referred to in the above stipulation. Accordingly we here hold, consistent with our holding in Farmers Cooperative Grain Company, supra, that compensation received by petitioner for handling and storing grain delivered by producers in satisfaction of Commodity Credit Corporation loans, is not excludable from petitioner's gross income as patronage dividends and no consideration should be given to such grain in computing patronage dividends attributable to member patronage. Decision will be entered under Rule 50.